IN THE UNITED STATES DISTRCT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

---

ALBERTA McBRIDE, an individual on
behalf of herself and others similarly situated,

                Plaintiff,         Civil Action No. 3:12-cv-01054

v.                                   Judge Trauger
                                   Magistrate Judge Knowles

LEBANON HMA, LLC d/b/a UNIVERSITY
MEDICAL CENTER,                  OPT IN COLLECTIVE ACTION
                                   JURY DEMANDED
                Defendant.

---

## INITIAL CASE MANAGEMENT ORDER

---

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

1. JURISDICTION: The Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Jurisdiction is not disputed.

2. PLAINTIFF'S THEORY OF THE CASE: Plaintiff believes and asserts that the Defendant intentionally failed to pay Plaintiff and other similarly situated employees straight time and overtime wages under the Fair Labor Standards Act and the Tennessee common law of unjust enrichment. Plaintiff contends that the Defendants' failure was willful. More specifically, on a regular and repeated basis, Plaintiff and other similarly situated employees were required to perform compensable work during unpaid "meal breaks." As a result of Defendant's "Meal Break Deduction Policy," the Defendant worked hourly employees in excess of 40 hours per week without providing overtime compensation. This action has been filed seeking

collective action certification on behalf of all non-exempt employees of Defendant whose pay was/is subject to an automatic meal break deduction, even though they perform compensable work during their meal breaks. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 201 *et seq.* with regard to the Plaintiff's claims for overtime compensation, liquidated damages, interest, attorneys' fees and costs under the Fair Labor Standards Act.

3. DEFENDANT'S THEORY OF THE CASE:

Defendant's actions are in compliance with the Fair Labor Standards Act, Tennessee statutes and Tennessee common law. The Defendant employer has in place a policy and procedure to compensate any employees who perform work-related tasks during designated meal breaks. The Defendant notified the Plaintiff and all similarly situated employees of this procedure and conducted education and training regarding same. The Plaintiff and similarly situated employees were compensated each and every time they reported an inability to take a full, uninterrupted meal break. The Defendant has neither actual nor constructive knowledge of any unpaid work.

An employer policy and procedure for compensating employees for missed or interrupted meal breaks nearly identical to the Defendant's policy was recently deemed appropriate by the Sixth Circuit Court of Appeals in *White v. Bapt. Mem. Healthcare Corp.*, 699 F.3d 869 (6th Cir. 2012). In *White*, the court reviewed a claim that is factually and virtually identical to the claims of the instant Plaintiff and found there was no violation of the Fair Labor Standards Act, dismissing the case on summary judgment.

*White* makes it clear that Plaintiff's effort to hold the Defendant responsible for her own alleged failure or refusal to follow the employer's policy are entirely without merit. Because the Plaintiff has no chance of success on the merits, the Plaintiff's claim is not maintainable as an "opt-in" collective action under 29 U.S.C. § 201 *et seq.*

4. IDENTIFICATION OF ISSUES:

    **Resolved**: Jurisdiction and venue.

    **Disputed**: Liability and damages. Whether the Defendant violated the Fair Labor Standards Act and/or state law and whether this case is properly maintainable as an opt-in collective action pursuant to 29 U.S.C. § 201 *et seq.*, as well as the extent and amount of damages sought by the Plaintiff and others similarly situated in this matter.

5. OTHER CLAIMS OR SPECIAL ISSUES: None.

6. MANDATORY INITIAL DISCLOSURES: Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures on or before **February 1, 2013**.

7. CLASS CERTIFICATION: Plaintiff will file on or before **March 1, 2013** a Motion to Conditionally Certify. Defendant will have 60 days from the filing of Plaintiff's motion to file a Response. Plaintiff will have 14 days from the date of the filing of Defendant's Response to file a Reply.

8. DISCOVERY: Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

    The parties shall complete written discovery and depose fact witnesses on or

before **October 15, 2013**.

The Plaintiff shall identify and disclose all experts and expert reports on or before **May 10, 2013.** The Defendant shall identify and disclose all expert witnesses and reports on or before **July 24, 2013.** Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) on or before **September 3, 2013.**

The parties shall depose all expert witnesses on or before **October 2, 2013.**

9. DISPOSITIVE MOTIONS: Briefs shall not exceed 20 pages. No motion for **partial** summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

    The parties shall file all dispositive motions on or before **November 1, 2013.** Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within fourteen (14) days after filing of the response and shall not exceed 5 pages.

10. ELECTRONIC DISCOVERY: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

11. JOINT MEDIATION REPORT: The parties shall submit a joint mediation report on or before ~~June~~ July **15, 2013**.

12. CONSENT TO TRIAL BEFORE MAGISTRATE JUDGE: The parties do not consent to trial before the Magistrate Judge.

IT IS SO **ORDERED.**

$\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ _____
$\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ **ALETA A. TRAUGER**
$\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ U.S. District Judge

APPROVED FOR ENTRY:

s/Michael L. Russell
Michael L. Russell (TN 20268)
GILBERT RUSSELL MCWHERTER PLC
5409 Maryland Way, Suite 150
Brentwood, Tennessee 37027
Telephone: 615-354-1144
Email: mrussell@gilbertfirm.com

Clinton H. Scott (23008)
GILBERT RUSSELL MCWHERTER PLC
101 North Highland Avenue
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
Email: cscott@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF and OTHERS SIMILARLY SITUATED*

s/John R. Tarpley
John R. Tarpley, Esq. (BPR# 009661)
LEWIS, KING, KRIEG, & WALDROP, P.C.
424 Church Street, Suite 2500
P. O. Box 198615
Nashville, Tennessee 37219-8615
Telephone: 615-259-1366
Email: jtarpley@lewisking.com

Janet S. Hayes, Esq. (BPR# 018028)
LEWIS, KING, KRIEG, & WALDROP, P.C.
620 Market Street, Fifth Floor
P. O. Box 2425
Knoxville, Tennessee 37902
Telephone: 865-546-4646
Email: jhayes@lewisking.com

*ATTORNEYS FOR DEFENDANT*